IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JERROLD B. WIGGINS, | |
| Petitioner, | 8:22CV9 |
| vs. | |
| OMAHA POLICE DEPT., | MEMORANDUM AND ORDER |
| Respondent. | |

    This matter is before me on initial review of Petitioner Jerrold B. Wiggins' ("Wiggins") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For purposes of this initial review, I will consider Wiggins' supplemental filing (filing 6) as part of the petition. For the reasons discussed below, I will dismiss Wiggins' petition without prejudice.

    At the time he filed his petition on January 10, 2022, Wiggins was a state pretrial detainee confined in the Douglas County Department of Corrections in Omaha, Nebraska on a charge of domestic assault in the third degree, second offense, a Class 3A felony. According to Wiggins' state court records, available to this court online,[2] Wiggins entered a plea of no contest to the domestic assault charge on February 17, 2022 and was sentenced that same day to 180 days' imprisonment with credit for 85 days served. I take judicial notice of the state court records related to this case in *State v. Wiggins*, No. CR22-248, District Court of

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Douglas County, Nebraska.³ *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized, Wiggins alleges violations of his Fourth Amendment rights based on "false arrest," "malice," and "lack of probable cause." (Filing 1 at CM/ECF p. 6 (spelling corrected).)

Because Wiggins has now been convicted, his challenge to his pretrial detention is moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Williams v. Slater*, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970).

To be clear, the arguments that Wiggins makes in challenging the lawfulness of his pretrial detention are also arguments that Wiggins may make in challenging the lawfulness of his conviction.⁴ I am dismissing Wiggins' § 2241 petition without prejudice for lack of jurisdiction, and I make no findings regarding the merits of Wiggins' claims. Thus, the dismissal of this case will not preclude Wiggins from reasserting his claims in a habeas petition filed pursuant to 28 U.S.C. § 2254⁵ after proper exhaustion of his claims in state court. *See* 28 U.S.C. § 2254(b)(1).

---

³ In his petition, Petitioner provided his case number in the County Court of Douglas County, Nebraska (CR21-19246), but that case was closed and the matter bound over to the district court on January 25, 2022.

⁴ Wiggins' state court records indicate that he has not filed an appeal or any other postconviction motion.

⁵ Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a

Because "the detention complained of arises from process issued by a state court," Wiggins must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Wiggins is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 18th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).